IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01131-WJM-KLM

JOSEPH DREISMEIER,

    Plaintiff,

v.

MAURICE FAUVEL, SCF Doctor,
NICOLE WILSON, SCF Nurse,
WILLIAM RICTER, CSP Hearings Officer III,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Response [Docket No. 27; Filed July 24, 2012] to the Order to Show Cause issued July 16, 2012 [#22]. The Court issued the Order to Show Cause because service was not waived for Defendant William Ricter, as Mr. Ricter is deceased. *See Waiver*, [#18]. Thus, the Court directed Plaintiff to show cause as to why the Court should not recommend that the case against Defendant Ricter be dismissed.

    In his Response, Plaintiff contends that Defendant Ricter should remain as a Defendant because the Colorado Department of Corrections "willfully employed" him at the time of the alleged constitutional violations. [#27] at 1. Further, Plaintiff explains that he attempted to bring suit against Defendant Ricter in "2005/2006" and the case was dismissed, thus Plaintiff believes he is entitled to sue Defendant Ricter now, regardless of the fact that Defendant Ricter is deceased. *Id.* at 2. However, Plaintiff provides no additional contact information for the estate or representative of Defendant Ricter so as to effect service.

1

Even if Plaintiff provided legal authority to support his contention that Defendant Ricter should remain a party to this suit, as well as contact information for the estate or representative of the deceased, the Court recommends dismissal of Defendant Ricter on the basis of the applicable statute of limitations. Plaintiff proceeds *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. See [#9]. "A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense - such as statute of limitations - only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citation and internal quotations omitted).

In the operative Amended Complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Defendant Ricter violated his due process rights on April 6, 2004. [#11] at 3, 4. "[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle*, 435 F.3d at 1258 (citation omitted); *see also Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir.1994) (Colorado's statutory two-year limitations period applies to claims brought pursuant to Section 1983). Thus, the statute of limitations for Plaintiff's claim against Defendant Ricter expired on April 6, 2006. This lawsuit is therefore filed out of time.[1]

Plaintiff's argument regarding his "2005/2006" case is unavailing. "It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought," and therefore, "the limitation period is not tolled during the pendency of the dismissed action." *Lawton v. Center Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2007 WL 1548947, at *5 (D. Colo. May 24, 2007) (quoting *Brown v. Hartshorne Public School Dist. #1*, 926 F.2d 959, 961 (10th Cir. 1991)). Accordingly,

---

[1] Plaintiff initiated this matter on April 30, 2012 [#1].

IT IS RESPECTFULLY **RECOMMENDED** that Plaintiff's claim against Defendant Ricter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the basis of the applicable statute of limitations, and that Defendant Ricter be dropped as a defendant in this case.  *See Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims as barred by statute of limitations).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that Plaintiff's request for an order compelling "physical photographs of [his] umbilical hernia" is **DENIED WITHOUT PREJUDICE**.  Plaintiff's request is premature, as the deadlines and other parameters for discovery will be delineated at the Preliminary Scheduling Conference set for November 13, 2012 [#20].

Dated July 25, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

3