**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-1131-WJM-KLM

JOSEPH DREISMEIER,

      Plaintiff,

v.

MAURICE FAUVEL, Doctor SCF,
NICOLE WILSON, Nurse SCF,
WILLIAM RICTER, III Hearings Officer CSP,

      Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the July 25, 2012 Recommendation by U.S.

Magistrate Judge Kristen L. Mix (ECF No. 28) (the "Recommendation") that Plaintiff

Joseph Dreismeier's claim against Defendant William Ricter ("Ricter") be dismissed with

prejudice.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

On April 30, 2012, Plaintiff, a *pro se* prisoner with the Colorado Department of

Corrections ("CDOC"), brought claims pursuant to 42 U.S.C. § 1983 against

Defendants.  (ECF No. 1.)  On July 16, 2012, Magistrate Judge Mix issued an Order to

Show Cause directing Plaintiff to show cause as to why the Court should not dismiss

Plaintiff's claim against Defendant Ricter because he is now deceased.[1]  (ECF No. 22.)

On July 24, 2012, Plaintiff filed his Response to the Order to Show Cause.  (ECF No.

27.)  In his Response, Plaintiff contends that Defendant Ricter should remain as a

Defendant because the Colorado Department of Corrections "willfully employed" him at

the time of the alleged constitutional violations.  (*Id.* at 1.)  Further, Plaintiff explains that

he attempted to bring suit against Defendant Ricter in "2005/2006" and the case was

dismissed.  (*Id.* at 2.)  Thus, Plaintiff believes he is entitled to sue Defendant Ricter now,

regardless of the fact that Defendant Ricter is deceased.[2]  (*Id.*)

On July 25, 2012, the Magistrate Judge issued her Recommendation that

Plaintiff's claim against Defendant Ricter be dismissed with prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) on the basis of the applicable statute of limitations, and that

Defendant Ricter be dismissed as a Defendant in this case.  (ECF No. 28.)  On August

2, 2012, Plaintiff filed a timely Objection to the Recommendation.  (ECF No. 29.)

For the reasons stated below, Plaintiff's Objection to the Recommendation is

overruled, the Magistrate Judge's Recommendation is adopted in its entirety, and

Plaintiff's claim against Defendant Ricter is dismissed with prejudice.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge

---

[1]     Service of process for Defendant Ricter was not waived.

[2]     Plaintiff provides no additional contact information for the estate or representative of Defendant Ricter.

"determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends that Plaintiff's claim against Defendant Ricter be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the basis of the applicable statute of limitations, and that Defendant Ricter be dismissed as a Defendant in this case.  (ECF No. 28.)  Plaintiff objects to the Recommendation in its entirety with arguments that closely mirror arguments he made in his Response Brief.  (ECF No. 29.)  Therefore, the Court will review the Recommendation *de novo*.  Fed. R. Civ. P. 72(b)(3).

The Court has thoroughly reviewed the Recommendation and agrees with the

Magistrate Judge's determination. The Court agrees with the Magistrate Judge that Plaintiff's claim against Defendant Ricter must be dismissed due to the applicable statute of limitations. (ECF No. 28 at 2.) Plaintiff proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 9.) "A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense - such as statute of limitations - only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citation and internal quotations omitted).

In the operative Complaint, Plaintiff asserts that Defendant Ricter violated his due process rights under § 1983 on April 6, 2004. (ECF No. 11 at 3, 4.) "[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle*, 435 F.3d at 1258 (citation omitted); *see also Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir.1994) (same). Thus, the statute of limitations for Plaintiff's claim against Defendant Ricter expired on or about April 6, 2006. Plaintiff initiated this action on April 30, 2012. (ECF No. 1.) Therefore, Plaintiff's claim against Defendant Ricter is barred by the applicable statute of limitations.[3]

Accordingly, Plaintiff's claim against Defendant Ricter is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Defendant Ricter is dismissed as a Defendant in this case. *See Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010)

---

[3] As the Recommendation correctly noted, Plaintiff's argument regarding his "2005/2006" case is unavailing. (ECF No. 28 at 2.) "[A]s a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought," and therefore, "the limitation period is not tolled during the pendency of the dismissed action." *Lawton v. Center Stock Co., LLC*, No. 06-cv-01125, 2007 WL 1548947, at *5 (D. Colo. May 24, 2007) (quoting *Brown v. Hartshorne Public School Dist. #1*, 926 F.2d 959, 961 (10th Cir. 1991)).

(affirming dismissal with prejudice of claims as barred by statute of limitations).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Objection (ECF No. 29) to the Magistrate Judge's July 25, 2012

Recommendation (ECF No. 28) is OVERRULED and the Recommendation is

ADOPTED in its entirety;

2.      Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against Defendant Ricter is

DISMISSED WITH PREJUDICE; and

3.      Defendant Ricter is DISMISSED as a party-Defendant in this action.


Dated this 5th day of November, 2012.

BY THE COURT:


_____
William J. Martínez
United States District Judge