IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01131-KLM

JOSEPH DREISMEIER,

    Plaintiff,

v.

MAURICE FAUVEL, SCF Doctor, and
NICOLE WILSON, SCF Nurse,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 30; Filed September 10, 2012] (the "Motion"). On September 5, 2012, Plaintiff, who is proceeding *pro se*, filed a Response [#34] in opposition to the Motion. Defendants did not file a Reply. The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#30] is **GRANTED**.

## I. Summary of the Case

    As an initial matter, on July 25, 2012, the Court issued a Recommendation [#28] analyzing the claims against Defendant William Ricter ("Ricter"), recommending that those claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the basis of the applicable statute of limitations and that Defendant Ricter be dropped as a defendant in this case. On November 5, 2012, the Court's Recommendation [#28] was adopted in it

entirety by the District Judge [#47]. On November 14, 2012, Plaintiff appealed to the United States Court of Appeals for the Tenth Circuit (the "Appellate Court") [#53] which determined that it did not have jurisdiction to consider the appeal because there was no final appealable order or judgment entered [#57]. On December 18, 2012, the Appellate Court issued an order dismissing the appeal [#59]. As a result, the arguments in the Motion [#30] and Response [#34] relating to the claims against Defendant Ricter are moot and not analyzed herein.[1]

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and currently is incarcerated at the Sterling Correctional Facility. Plaintiff initiated this lawsuit *pro se* pursuant to 28 U.S.C § 1343 and 42 U.S.C. § 1983 on April 30, 2012 [#1]. Plaintiff filed an Amended Complaint [#11] on June 27, 2012. In his Amended Complaint, Plaintiff brings three claims arising from medical care he received at the correctional facility: (1) allegations against Defendant Ricter[2] (who, as noted above, was dismissed from the lawsuit [#47]) regarding Fifth and Fourteenth Amendment violations due to an assessment of $3,879.37 relating to medical costs for an attempted suicide;[3] (2) allegations regarding Eighth Amendment violations due to diagnosis of medical problems

---

[1] On November 6, 2012, this case was reassigned to the undersigned pursuant to the Order of Reference Pursuant to 28 U.S.C. § 636(c) [#48].

[2] Plaintiff mentions Colo. Rev. Stat. § 17-10-103 as grounds for his claim against Defendant Ricter in his Amended Complaint. *See Am. Compl.* [#11] at 4. This statute refers to the powers and duties of the CDOC. The Court can find no authority indicating that the statute provides a legal basis for relief in a Section 1983 lawsuit. Therefore, to the extent Plaintiff asserts this state statute as a basis for relief, such claim is rejected.

[3] A suicide attempt is mentioned only once in the Amended Complaint [#11] regarding Plaintiff's claim against Defendant Ricter. *Am. Compl.* at 4. The remaining claims relate to medical care regarding a hernia. The Motion and Response fail to mention a suicide attempt, instead focusing on the hernia-related medical care.

by Defendant Nicole Wilson ("Wilson"); and (3) allegations regarding Eighth Amendment violations due to deficient medical care by Defendant Fauvel ("Fauvel"). Plaintiff requests $750,000 from each Defendant plus $15,000 in attorney's fees and reimbursement for court costs. *Am. Compl.* [#11] at 12. Plaintiff does not seek declaratory or injunctive relief.

Defendants responded to Plaintiff's Amended Complaint with the Motion at issue. Defendants ask the Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants contend that they are immune from liability pursuant to the Eleventh Amendment and that the Court lacks jurisdiction over Plaintiff's claims for damages against the Defendants in their official capacities. *Motion* [#30] at 4. In addition, Defendants assert the defense of qualified immunity as to all claims against them in their individual capacities. *Id.*

In his Response, Plaintiff argues that the Amended Complaint complies with Fed. R. Civ. P. 12(b)(6) because "the court would not have permitted his case to be filed and progressed this far" if the Amended Complaint did not comply. *Response* [#34] at 3. Plaintiff also argues that the state of Colorado is a corporation "of a special kind" and not "immune from negligent acts." *Id.* at 4. Plaintiff further argues that he does not seek damages against the Defendants in their individual capacities, only in their official capacities. *Id.* (" . . . individual persons of the defendants, No!, [sic] They acted under the color of Law as Employee's [sic] of D.O.C . . ."). Plaintiff emphasizes his belief that the medical care he received from Defendants Wilson and Fauvel for his hernia constituted "depraved indifference resulting in severe pain and . . . mental anguish." *Id.* at 5. Finally, Plaintiff further argues that the Colorado Attorney General cannot represent Defendants. *Id.* at 1-2.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

### III.  Analysis

**A.     Lack of Subject-Matter Jurisdiction**

Plaintiff asserts in his response that he brings his claims against Defendants only in their official capacities as employees of a state agency.  *Response* [#34] at 4. Defendants contend[4] that the doctrine of sovereign immunity bars the Court from exercising subject-matter jurisdiction over Plaintiff's claims against them in their official capacities. *See Motion* [#30] at 3.  The Court agrees.

"Suits against state officials in their official capacity should be treated as suits against the state."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159,  166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (State officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983.).  The doctrine of sovereign immunity bars "a citizen from suing his own State under the federal-question head of [subject-matter] jurisdiction."  *Alden v. Maine*, 527 U.S. 706, 727 (1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 14-15 (1890)); *see generally id.* at 728 (noting that "sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution itself" (citations omitted)).  The doctrine applies whether the relief sought is legal or equitable, *Papasan v. Allain*, 478 U.S. 265, 276 (1986), and it "confers total immunity from suit, not merely a defense to liability," *Ambus v.*

---

[4] Plaintiff argues that the Colorado Attorney General cannot represent Defendants.  The Attorney General's office has properly appeared in this case on behalf of Defendants.  C.R.S.A. § 24-31-101(1)(a) ("The attorney general of the state shall be the legal counsel and advisor of each department, division, board, bureau, and agency of the state government other than the legislative branch. . . . [The attorney general] shall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party . . .").  Plaintiff's argument otherwise is untenable.  Therefore, the Court rejects this argument.

*Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993). Accordingly, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the state of Colorado, its agencies, or its officials in their official capacity. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). However, the doctrine of sovereign immunity does not bar "a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1980)).

In this case, Plaintiff invokes the Court's subject-matter jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and requests monetary damages. *Compl.* [#11] at 7. The doctrine of sovereign immunity applies to 42 U.S.C. § 1983 actions. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment bars recovery of monetary damages from individual state Defendants sued in their official capacities. Thus, Plaintiff's request for money damages should be dismissed. *See Henderson v. Jones*, 378 F. App'x 808, 809-10 (10th Cir. 2010). Plaintiff does not seek any specific prospective injunctive relief from Defendants in their official capacities. Accordingly, Plaintiff's claims against Defendants in their official capacities must be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**B.    Attorney's Fees**

Plaintiff requests attorney's fees and costs. *Am. Compl.* [#11] at 7. Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b). However, the

Tenth Circuit has found that *pro se* litigants may not recover an award of attorney's fees pursuant to this statute. *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983). "This finding seems to comport with the policy underlying § 1983, which appears to have been implemented not to compensate pro se litigants but to enable litigants with valid claims to present their claims without having to bear the burden of the costs." *Id.* Moreover, Plaintiff is not the "prevailing party."

Accordingly, Plaintiff is not entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

## IV.  Conclusion

In sum, Defendant Ricter was dismissed from this action by Court Order [#47], the Court lacks subject-matter jurisdiction over the claims against Defendants Wilson and Fauvel, and Plaintiff is not entitled to attorney's fees.

IT IS HEREBY **ORDERED** that Defendants' Motion [#30] is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:  April 3, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge